FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 JUN -3 P 7 32

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DENNIS HAYES, #366165 | * | |
| Petitioner | * | |
| v | * | Civil Action No. ELH-14-215 |
| ATTORNEY GENERAL OF THE STATE OF MARYLAND, WARDEN TYRONE CROWDER | * | |
| Respondents | * | |

*******

## MEMORANDUM

Dennis Hayes, who is self-represented, is an inmate in the Maryland Division of Correction ("DOC"). He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF 1. Respondents seek dismissal on the grounds that Hayes has failed to exhaust his claim in State court. ECF 4. Plaintiff was provided an opportunity to reply, ECF 5, but he has not done so. No hearing is necessary to resolve this matter. *See* Local Rule 105.6.

### BACKGROUND

Hayes, who is an inmate in the custody of the DOC, claims the Maryland Parole Commission is detaining him unlawfully because he has not received a timely parole revocation hearing. He states that he returned to the DOC on November 13, 2013, pursuant to a retake warrant issued by the Parole Commission on September 16, 2013. ECF 1.

Since his return to custody, Hayes has not filed any petitions in state court raising the issue presented here. ECF 4. Respondents assert that because Hayes has not filed a habeas corpus petition in state court since his return to state custody in November 2013, he has failed to exhaust his claim.

## DISCUSSION

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies before seeking habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief") (internal quotation marks omitted). Exhaustion allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 207 (2007).

This petition is subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to 28 U.S.C. § 2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms*, 627 F.3d at 531 (applying exhaustion requirements to 2241 petition challenging civil commitment). The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Hayes provides no evidence that he has satisfied the exhaustion requirement. Accordingly, the petition will be dismissed, without prejudice.

Hayes has no absolute entitlement to appeal a district court's denial of his habeas corpus request. See 28 U.S.C. § 2253(c)(1). A certificate of appealability ("COA") may issue "only if

the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Hayes has not demonstrated entitlement to a COA in the instant case. Accordingly, a certificate of appealability will be denied.

A separate Order follows.

June 3, 2014  /s/
Date  Ellen Lipton Hollander
  United States District Judge